The determination that petitioner violated his parole by stalking and harassing the 17-year-old victim was supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). The hearing testimony established that the victim was frightened, annoyed and alarmed by petitioner's repeated conduct over a period of months, and petitioner's intent could be inferred from the surrounding circumstances (*see Matter of Reiss v Reiss*, 221 AD2d 280 [1995], *lv denied* 89 NY2d 801 [1996]). Respondent's decision to impose a 24-month time assessment rather than accept the administrative law judge's (ALJ) recommendation of an 18-month assessment was a provident exercise of discretion. The recommendation of the ALJ is advisory and not binding on respondent (*see People ex rel. Coleman v Smith*, 75 AD2d 706, 707 [1980], *lv denied* 50 NY2d 804 [1980]). Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ.

In the Matter of MICHAEL LICHTMAN, Petitioner, v DEPARTMENTAL DISCIPLINARY COMMITTEE, Respondent. [920 NYS2d 908]—

Concur—Tom, J.P., Saxe, Catterson and DeGrasse, JJ.

SIU NAM WONG PUN, Respondent, v CHE KWOK PUN, Appellant. [921 NYS2d 27]—

Plaintiff testified that during the marriage, defendant